IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL COUNCIL OF AGRICULTURAL EMPLOYERS<br>1550 Wilson Blvd., Suite 700<br>Arlington, VA 22209<br><br>    Plaintiff,<br><br>  v.<br><br>JULIE A. SU, in her official capacity as<br>Acting Secretary of Labor<br>200 Constitution Ave., N.W.,<br>Washington, D.C. 20570,<br><br>    Defendant. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF AND
PETITION FOR *MANDAMUS***

1. Plaintiff, National Council of Agricultural Employers ("NCAE"), brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, seeking a writ of *mandamus* to compel Defendant to respond to a petition for rulemaking under 5 U.S.C. § 553(e) regarding the Department of Labor's methodology for setting "adverse effect wage rates" ("AEWRs") for the H-2A temporary agricultural visa program. Plaintiff's petition has been pending since December 2023 with no response from Defendant. This delay is unreasonable as a matter of law.

**JURISDICTION AND VENUE**

2. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), and 1361.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (e).

**PARTIES**

4. National Council of Agricultural Employers ("NCAE") is a national association organized under the laws of the District of Columbia. Founded in 1964, NCAE is the only national

association focusing exclusively on agricultural labor issues from the agricultural employer's viewpoint. See Declaration of Michael Marsh at ¶¶ 1-3. ("Marsh Dec. at ¶ __"; attached hereto as Exhibit 1). NCAE represents labor-intensive agriculture before Congress, with federal agencies and, where necessary, in court. *Id*. at ¶ 2. NCAE's membership, including farmers represented by its association members, represents an estimated 85% of all U.S. agricultural employers directly engaged in the production of food and nursery crops in the United States, and its members employ roughly 90% of all H-2A workers in the United States. Id. at ¶ 3.

5. Julie A. Su is the Acting Secretary of Labor of the United States. Pursuant to the Immigration and Nationality Act, as amended ("INA"), 8 U.S.C. § 1188, the Secretary of Labor has rulemaking authority with respect to the issuance of labor certifications including, but not limited to, certifying that "the employment of the alien in such labor or services will not adversely affect the wages and working conditions of workers in the United States similarly employed."

**FACTS**

6. The Department of Labor has issued a series of regulations governing the H-2A temporary agricultural visa program, including the wage-setting process. *See, e.g.,* 52 FR 20496 (June 1, 1987); 73 FR 77110 (Dec. 18, 2008); 75 FR 6884 (Feb. 12, 2010); 88 FR 12801 (Feb. 28, 2023).

7. Under 5 U.S.C. § 553(e), "Each agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule."

8. Plaintiff petitioned the Department of Labor by letter dated December 12, 2023, asking the Department to hold a hearing and, based on that hearing, to amend the regulatory methodology for setting adverse effect wage rates ("AEWR") found at 20 C.F.R. § 655.120. Ex. A to Marsh Dec.

9. The December 2023 petition noted that the INA requires the Secretary to certify the

lack of "adverse effect" from employing specific workers, rather than merely assuming that "adverse effect" exists, as the Department currently does.

10. Having received no definitive response from Acting Secretary Su to either grant or deny the December 2023 petition, Plaintiff reiterated its request to grant its petition for rulemaking under 5 U.S.C. § 553(e), by letter dated June 19, 2024.  Ex. B to Marsh Dec.

11. After still receiving no decision from Acting Secretary Su to grant or deny the December 2023 petition, Plaintiff sent a third letter dated October 4, 2024, reiterating the earlier requests for rulemaking and referencing the intervening actions by the Supreme Court and various district courts regarding the end of the *Chevron* doctrine and pending APA challenges to the current wage-setting methodology.  Ex. C to Marsh Dec.

12. Defendant still has not definitively responded to Plaintiff's petition for rulemaking with a decision to grant or deny the petition.

## COUNT I

### Violation of the APA: Failure to Respond to Petition for Rulemaking

13. Plaintiff repeats and realleges all of the above paragraphs.

14. The legislative history of the APA makes clear that, with respect to Section 553(e) petitions for rulemaking, "This subsection applies not merely to effective rules existing at any time but to proposed or tentative rules," and "[w]here such petitions are made, the agency must fully and promptly consider them."  S. Doc. No. 248, 79th Cong., 2d Sess. (1946), p. 201.  Ex. D to Marsh Dec. (excerpt from Senate Judiciary Report on APA).

15. The APA states that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

16. Section 555(b) has been interpreted by this Court to require the head of an agency

to respond to a Section 553(e) petition "within a reasonable time." *Environmental Integrity Project v. U.S. Envt'l Protection Agency*, 160 F.Supp.3d 50, 57 (D.D.C. 2015), citing *Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, 794 F.Supp.2d 39, 44-45 (D.D.C. 2011) (discussing APA Sections 553(e) and 555(b) and concluding that "an agency 'is required to at least definitively respond to … [a] petition – that is, to either deny or grant the petition'").

17. By refusing to "definitively respond to" Plaintiff's Section 553(e) petition for rulemaking for eleven months, Defendant has failed to respond "within a reasonable time" and has, thus, violated the APA.

18. No other statute besides the APA provides an adequate remedy to address Defendant's violation.

## COUNT II

### Writ of *Mandamus*

19. Plaintiff repeats and realleges all of the above paragraphs.

20. Defendant owes a ministerial duty to Plaintiff to definitively respond to Plaintiff's Section 553(e) petition for rulemaking.

21. An eleven-month delay in responding to the petition is unreasonable as a matter of law.

22. No other adequate remedy is available to Plaintiff.

23. This Court has authority under 28 U.S.C. § 1361 to compel Defendant (or her successor) to act on Plaintiff's petition for rulemaking.

## RELIEF REQUESTED

WHEREFORE, Plaintiff NCAE respectfully requests and prays that this Court:

a. Grant a writ of *mandamus* ordering Defendant to respond definitively to Plaintiff's Section 553(e) petition for rulemaking within thirty (30) days of the date of the Order;

b. Enjoin Defendant from continuing to refuse to respond to Plaintiff's petition;

    c.    Retain jurisdiction to ensure compliance with the Court's order(s);

    d.    Award Plaintiff its costs and reasonable attorney fees incurred in this action; and

    e.    Grant such other relief as the Court may deem just and proper.

Date: November 20, 2024

Respectfully submitted,

*/s/ Christopher J. Schulte*
Christopher J. Schulte (D.C. Bar No. 500878)

FISHER & PHILLIPS, LLP
1401 New York Ave., NW, Suite 400
Washington, DC 20005
Telephone: (202) 559-2440
cschulte@fisherphillips.com

*Counsel for Plaintiff*